IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 23, 2020

**TREVON SCOTT BARCUS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Scott County**
**No. 11443     E. Shayne Sexton, Judge**

_____

**No. E2019-02206-CCA-R3-HC**

_____

The Petitioner, Trevon Scott Barcus, appeals as of right from the Scott County Criminal Court's summary dismissal of his petition for writ of habeas corpus. He claims entitlement to habeas corpus relief, alleging that (1) his separate federal and state convictions for failing to register as a sex offender violate double jeopardy principles; (2) he entered an unknowing and involuntary guilty plea because the trial court failed to inform him that he could not transfer the supervision of his probation to another state; and (3) that this "categorical" prohibition on travel constitutes cruel and unusual punishment and violates principles of substantive due process. Following our review, we conclude that the Petitioner has failed to state a cognizable claim for relief and, therefore, affirm the summary dismissal of his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Trevon Scott Barcus, Lovejoy, Georgia, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Jared Effler, District Attorney General; and Thomas E. Barclay, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On January 8, 2019, the Scott County Grand Jury indicted the Petitioner for violation of community supervision for life and violating the sex offender registry. See Tenn. Code Ann. §§ 39-13-526, 40-39-204. The Petitioner pled guilty as charged on April 1, 2019; the facts articulated at the plea hearing indicated that the Petitioner had previously

been convicted of attempted aggravated sexual battery and that he subsequently failed to register as a sex offender or attend required sex offender counseling.  Pursuant to the plea agreement, the Petitioner was sentenced to an effective four years, suspended to probation; the sentences were ordered to be served consecutively to the Petitioner's federal sentence, which was based upon similar conduct.[1]  A note on both of the Petitioner's judgment forms read, "The [Petitioner] shall not be eligible to transfer supervision to another State."

On September 30, 2019, the Petitioner filed a pro se petition for writ of habeas corpus, asserting that his Scott County convictions were void, having been imposed in violation of his double jeopardy rights.  Relevant to the issues raised on appeal, the Petitioner argued that the dual sovereign doctrine permitting concurrent state and federal convictions violated double jeopardy.  See United States v. Lanza, 260 U.S. 377 (1922).  The State filed a responding motion to summarily dismiss the petition, arguing that the Petitioner had failed to state a cognizable ground for relief because double jeopardy violations do not render a conviction void; the State noted that the Petitioner's essential request was for the habeas corpus court to overturn Lanza, an action the court was not authorized to take.

The habeas corpus court summarily dismissed the petition by written order dated October 7, 2019, concluding simply that "for good cause shown" the petition was denied.  The Petitioner later filed an October 12, 2019 motion for a hearing; at the December 2, 2019 hearing, it became apparent that the Petitioner never received a copy of the court's order.  The court indicated during the hearing that it would make the order effective as of December 2, 2019, in order to facilitate the timely filing of the Petitioner's notice of appeal.[2]  The court also noted during the hearing that it denied the order because it was "not prepared to go against" the United States Supreme Court's decision in Lanza.  The Petitioner filed a notice of appeal on December 16, 2019.

ANALYSIS

On appeal, the Petitioner argues that the habeas corpus court erred by dismissing his petition for failure to state a cognizable claim for relief.  The Petitioner further contends that his dual state and federal convictions violated double jeopardy protections and urges this court to "have a fresh look" at the dual sovereign doctrine announced in Lanza.  Our understanding is that in the Petitioner's estimation, Lanza is no longer constitutional or

---

[1] The Petitioner was also charged in Texas, Kentucky, and in federal court with failure to register as a sex offender; the Texas and Kentucky charges were eventually dropped, but the federal case resulted in a conviction.

[2] The record does not contain any such modified order.

binding under Article 1, section 10 of the Tennessee Constitution because the evolving legal standards relevant to double jeopardy analysis and federal incorporation doctrine would have changed the outcome in Lanza were it decided today.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); see Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

As a preliminary matter, in his appellate briefs, the Petitioner raises additional issues not presented in the court below. Specifically, the Petitioner submits that he entered an unknowing guilty plea because the trial court failed to inform him that he could not transfer supervision of his probation to another state. He further characterizes the Tennessee probation supervision requirement as a "categorical" restriction on travel that is violative of Fourteenth Amendment substantive due process and the Eighth Amendment prohibition against cruel and unusual punishment. In his reply brief, the Petitioner has requested plain error review.

Possible waiver notwithstanding, the Petitioner's three claims—an unknowing guilty plea, a due process violation, and an Eighth Amendment violation—if proven, would render the challenged judgments voidable rather than void and do not present a cognizable

claim for habeas corpus relief.  See Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993) (concluding that an unknowing guilty plea creates a voidable judgment); Kelvin A. Lee v. Shawn Phillips, Warden, No. W2019-01634-CCA-R3-HC, 2020 WL 4745484, at *4 (Tenn. Crim. App. Aug. 14, 2020) (concluding that an Eighth Amendment violation creates a voidable judgment); Tyrone E. Montgomery v. State, No. E2011-02629-CCA-R3-HC, 2013 WL 5180586, at *3 (Tenn. Crim. App. Sept. 13, 2013) (citing Frederick B. Zonge v. State, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *2 (Tenn. Crim. App. Dec. 16, 1999) (concluding that a due process violation creates a voidable judgment).

Likewise, we may briefly dispense with the Petitioner's double jeopardy claim. Such an allegation would render a conviction merely voidable, not void, and as a result, it is not a proper basis of a petition for habeas corpus.  See, e.g., Timothy Lee Armstrong v. Tammy Ford, Warden, No. W2016-00891-CCA-R3-HC, 2017 WL 838667, at *2 (Tenn. Crim. App. Mar. 3. 2017); Vincent Love Williams v. Henry Steward, Warden, No. W2011-01954-CCA-R3-HC, 2012 WL 2308094, at *3 (Tenn. Crim. App. June 18, 2012) (citing Patrick Thurmond v. David Sexton, Warden, No. E2010-02256-CCA-R3-HC, 2011 WL 6016890, at *4-5 (Tenn. Crim. App. Dec. 5, 2011).

It has been repeatedly stated that constitutional claims such as the ones presented here are properly addressed in a petition for post-conviction relief.  See Hickman, 153 S.W.3d at 19-20 (articulating the difference between petitions for habeas corpus, which may attack void sentences imposed in contravention of statute, and post-conviction petitions, which attack sentences that are void or voidable "because of the abridgement of constitutional rights").  We note that in the Petitioner's case, the deadline to file a post-conviction petition passed on May 1, 2020, one year after the judgments became final. Because the Petitioner has not presented a cognizable claim for habeas corpus relief, his petition was properly dismissed.

<u>CONCLUSION</u>

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court summarily dismissing the petition.

_____
D. KELLY THOMAS, JR., JUDGE

-4-